**Jonathan M. Radmacher, OSB No. 924314**
E-mail: jonathanr@mcewengisvold.com
MCEWEN GISVOLD LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, OR  97204
Telephone: (503) 226-7321
Facsimile: (503) 243-2687

　　　Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NYLAEKIA MIKES,**<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>**ALBERTSONS COMPANIES, LLC,** a<br>Delaware corporation,<br><br>　　　　　Defendant. | Civil No. 3:17-cv-01400-JR<br><br>**DEFENDANT'S  MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

Pursuant to LR 7.1, the parties have conferred regarding the disputes at issue in this motion, but have been unable to resolve this dispute without court assistance.

**MOTION**

Pursuant to FED. R. CIV. P. 56, Defendant Albertsons Companies, LLC ("Defendant") moves the Court for an order granting summary judgment against each of Plaintiff's claims because Plaintiff is unable to meet her burdens with respect to any of those claims.  This Motion is supported by the Declaration of Jordan Thorkildson, submitted herewith.

**STATEMENT OF MATERIAL FACTS**

The incident that gave rise to this lawsuit occurred on December 10, 2016, when Plaintiff had an interaction with Defendant's employee, Jordan Thorkildson. [Thorkildson Dec., ¶ 1].  As Ms. Thorkildson describes in her Declaration, Ms. Thorkildson and a coworker had recently had a separate encounter with two customers who had stayed in the store after it was locked, tried to hide from the employees, and then only purchased some of the groceries in their shopping cart

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
PAGE  1
CASE NO. 3:17-cv-01400-JR

(claiming that they had previously purchased and brought into the store the already-bagged groceries in their cart). [*Id.*, ¶¶ 2, 3]. Because it was relatively clear that the customers were stealing the merchandise in the bags, Ms. Thorkildson's coworker asked the customers not to return to the store. The two customers were both women; the older of the two women was shorter, had shorter, straight hair and wore braces. Both also appeared to be of African American descent. [*Id.*, ¶ 3].

With that context in mind, on the night of December 10, 2016, again at closing time, Ms. Thorkildson was heading toward the doors of the store to lock them. As she came around the corner of a display next to the registers, she saw that two women had just come into the store. [*Id.*, ¶ 2]. The older of the two women (Plaintiff) was noticeably shorter than the younger woman, and Ms. Thorkildson noticed that the older woman had braces and a short hairstyle. [*Id.*, ¶ 4]. Ms. Thorkildson immediately (within a few seconds) concluded that these were the same two women she had dealt with a few nights earlier, and approached them. [*Id.*, ¶¶ 4, 5]. Ms. Thorkildson did not say anything to suggest that she had any racial animus towards Plaintiff. At most, Ms. Thorkildson simply confused Plaintiff with someone else who looked similar – an older, shorter, woman, with a short hairstyle and who wore braces, accompanied by a younger, taller woman, both of whom appeared to be African American. [*Id.*, ¶ 6].

While Plaintiff's version of her interaction with Ms. Thorkildson differs from Ms. Thorkildson's with respect to whether Ms. Thorkildson stopped Plaintiff from shopping, whether Ms. Thorkildson raised her voice, and whether Ms. Thorkildson accused Plaintiff of having previously stolen from the store, Plaintiff's version of events is also completely free of any indication (or evidence) that Ms. Thorkildson had any racial animus or bias. [Excerpts of Plaintiff's Deposition, Radmacher Dec., Ex. 1]

Without evidence of racial animus or bias, Plaintiff cannot prevail as a matter of law, and this Court should grant Defendant's motion for summary judgment.

/ / /

McEWEN GISVOLD LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone: (503) 226-7321; Facsimile: (503) 243-2687
Email: jonathanr@mcewengisvold.com

## POINTS AND AUTHORITIES

1.     **Summary Judgment Standard**

Summary judgment is appropriate where the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265, 273-74 (1986). Furthermore, the "mere existence of a scintilla of evidence in support of the [party's] position [is] insufficient" to create a question of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202, 214 (1986). Thus, if "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552-53 (1986) (internal quotations marks omitted).

Applying these principles, and as set forth in detail below, Plaintiff's claims must be dismissed because there is no evidence that Defendant's actions had anything to do with Plaintiff's race. Plaintiff's claim for intentional infliction of emotional distress must also be dismissed because Ms. Thorkildson's actions do not rise to the level of outrage required to make a *prima facie* showing of intentional infliction of emotional distress.

2.     **Plaintiff Cannot Meet Her Burden Pursuant to 42 U.S.C. § 1981.**

Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts * * * as is enjoyed by white citizens * * *." A claim for intentional discrimination under § 1981 must be evaluated under what is generally known as the *McDonnell Douglas* burden-shifting framework. *See, e.g., Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144 (9th Cir. 2006) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)).

Under the *McDonnell Douglas* framework, a plaintiff must first present a *prima facie* case of racial discrimination; if the plaintiff successfully establishes a *prima facie* case, the burden

McEWEN GISVOLD LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone: (503) 226-7321; Facsimile: (503) 243-2687
Email: jonathanr@mcewengisvold.com

then shifts to the defendant to show that it had a "legitimate non-discriminatory reason for the adverse action." *Id.* If the defendant makes that showing, the plaintiff must then prove that the defendant's stated reason is "merely a pretext for intentional discrimination." *Id.*

In order to establish a *prima facie* case under § 1981, in non-employment cases, a plaintiff must show: (1) she is a member of a protected class; (2) she attempted to contract for certain services; (3) she was denied the right to contract for those services, and (4) she was deprived of contractual services while similarly situated persons outside her protected class were not and/or she received services in a markedly hostile manner which a reasonable person would find objectively discriminatory. *Williams v. Kohl's Dep't Stores, Inc.*, No. 3:12-CV-01385-PK, 2014 U.S. Dist. LEXIS 78084, at *51 (D. Or. Mar. 31, 2014).[1] Any alleged racial discrimination must be intentional; disparate treatment is not sufficient. *See, e.g., Gay v. Waiters' & Dairy Lunchmen's Union, Local No. 30*, 694 F.2d 531, 537 (9th Cir. 1982) ("A plaintiff suing under section 1981 may not avail himself of the more liberal * * * standard for establishing a prima facie case of * * * discrimination upon a showing of disparate impact alone"); *Menchu v. Legacy Health*, No. 3:12-cv-02075-ST, 2014 U.S. Dist. LEXIS 86543, at *9 (D. Or. May 13, 2014) (holding that the plaintiff in a section 1981 claim must prove that: (1) she is a member of a racial minority; (2) the defendant establishment intentionally discriminated against her because of her race; and (3) the discrimination involved the making or enforcement of a contract). Plaintiff here has not, and cannot, make that showing. Indeed, Plaintiff's claim rests solely on allegations that she was misidentified. There is no legal or factual support for the proposition that the misidentification of a person amounts to intentional racial discrimination.

In the present case, there is absolutely no evidence of any kind of racial animus or disparate treatment. Ms. Thorkildson mistook Plaintiff for another person for a variety of

---

[1] There is a conflict in the circuits over whether the fourth element in a non-employment case should be limited to being "deprived of contractual services while similarly situated persons outside the protected class were not" or if it should be modified to include "and/or [she] received services in a markedly hostile manner which a reasonable person would find objectively discriminatory." *Williams*, 2014 U.S. Dist. LEXIS 78084 at *n.13; *Lindsey*, 447 F.3d at 1145. In this case, Plaintiff cannot meet her burden under either iteration of the fourth element.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
PAGE 4
CASE NO. 3:17-cv-01400-JR

**McEWEN GISVOLD LLP**
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone: (503) 226-7321; Facsimile: (503) 243-2687
Email: jonathanr@mcewengisvold.com

reasons.  While Plaintiff's race was one of a number of factors that was consistent with Ms.

Thorkildson's identification or misidentification, the misidentification cannot then provide the

basis for a race discrimination claim simply because the Plaintiff's race was one factor used by

Ms. Thorkildson to identify the people she had confronted several days earlier.  Plaintiff is not

able to make a *prima facie* showing under 42 U.S.C. § 1981, and even if she were, her allegations

cannot show that Defendant's explanation was pretextual.  *See, e.g., Keshe v. CVS Pharmacy*, 711

Fed. Appx. 396, 397 (9th Cir. 2017) (holding that, in the employment context, "to show that an

employer's reason for termination is pretextual, an employee cannot simply show that the

employer's decision was wrong or mistaken, since the factual dispute at issue is whether

discriminatory animus motivated the employer, not whether the employer is wise, shrewd,

prudent or competent") (internal citations omitted).  Therefore, this court should grant

Defendant's motion for summary judgment because Defendant is entitled to prevail as a matter of

law.

      **3.**        **Plaintiff Cannot Meet Her Burden Pursuant to 42 U.S.C. § 2000a.**

Under 42 U.S.C. § 2000a, "[a]ll persons shall be entitled to the full and equal enjoyment

of the goods, services, facilities, privileges, advantages, and accommodations of any place of

public accommodation, as defined in this section, without discrimination or segregation on the

ground of race, color, religion, or national origin."  As an initial matter, there is no evidence that

defendant is a place of public accommodation – Albertsons is a grocery store (Complaint at ¶¶ 1-

2), and grocery stores do not meet the definition of places of public accommodation defined in 42

U.S.C. § 2000a.[2]  *Morales v. Whole Foods Mkt. Cal., Inc.*, 2015 U.S. Dist. LEXIS165174, Case

No. 14-cv-05022 (N.D. Cal. 2015) (granting a motion to dismiss, holding that a grocery store is

not a place of public accommodation, and citing cases in support of that holding); *and Amiri v.*

---

[2]     Albertsons is clearly not an inn, hotel, or motel (42 U.S.C. § 2000a(b)(1)), or a
motion picture house, theater, concert hall, or stadium (42 U.S.C. § 2000a(b)(3)); and while it
sells food, Albertsons is not a "restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or
other facility principally engaged in selling for for consumption on the premises" (42 U.S.C.
§ 2000a(b)(2)).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
PAGE  5
CASE NO. 3:17-cv-01400-JR

**McEWEN GISVOLD LLP**
**1100 S.W. Sixth Avenue, Suite 1600**
**Portland, Oregon 97204**
**Telephone: (503) 226-7321; Facsimile: (503) 243-2687**
**Email: jonathanr@mcewengisvold.com**

*Safeway Inc.*, 1999 U.S. Dist. LEXIS 933, Case No. 98-0176 (D.D.C. 1999) (holding that as a matter of law, a grocery store was not a place of public accommodation).

Even if plaintiff were able to establish that defendant should be considered as a place of public accommodation pursuant to this federal statute, plaintiff would still be unable to establish the elements of a *prima facie* claim: (1) plaintiff is a member of a protected class, (2) plaintiff attempted to contract for services and afford herself of the full benefits or enjoyment of a public accommodation, (3) plaintiff was denied the full benefits or enjoyment of a public accommodation, and (4) such services were available to similarly situated persons outside his or her protected class who received full benefits or were treated better. *McKinnon v. Yum! Brands, Inc.*, No. 1:15-cv-00286-BLW, 2017 U.S. Dist. LEXIS 137278, at *14-15 (D. Idaho Aug. 24, 2017); *Williams v. Thant Co.*, No. 02-1214-MO, 2004 U.S. Dist. LEXIS 12100, at *4-5 (D. Or. June 22, 2004). In addition, Plaintiff is unable to meet her burdens under the *McDonnell Douglas* burden-shifting framework of an intentional discrimination, as set forth above. *Menchu*, 2014 U.S. Dist. LEXIS 86543, at *12-13 (citing *Akiyama v. United States Judo Inc.*, 181 F. Supp. 2d 1179, n.3 (W.D. Wash. Jan. 10, 2002)).

### 4.   Plaintiff Cannot Meet Her Burden Pursuant to ORS 659A.403.

ORS 659A.403(1) states that:

> all persons within the jurisdiction of this state [Oregon] are entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, without any distinction, discrimination or restriction on account of race, color, religion, sex, sexual orientation, national origin, marital status or age if the individual is of age, as described in this section, or older.

A claim made pursuant to this statute requires the same *McDonnell Douglas* burden-shifting as the federal claims set forth above, with a *prima facie* case being established only when a plaintiff establishes that she "belonged to a protected class, and was subjected to adverse treatment not applied to others under similar circumstances who were not in that class." *Yoakum v. Wells Fargo Bank, N.A.*, No. 09-1114-JE, 2011 U.S. Dist. LEXIS 43254, *20-21 (D. Or. March 30, 2011). A claim made pursuant to ORS 659A.403(1) requires "proof of discriminatory intent, and

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
PAGE  6
CASE NO. 3:17-cv-01400-JR

**McEWEN GISVOLD LLP**
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone: (503) 226-7321; Facsimile: (503) 243-2687
Email: jonathanr@mcewengisvold.com

not merely a discriminatory effect." *Harrington v. Airbnb, Inc.*, 3:17-cv-558-YY, 2018 U.S. Dist. LEXIS 185355, \*8-10 (D. Or. Oct 30, 2018) (stating that a *prima facie* case under ORS 659A.403(1) requires a showing that plaintiff was "treated unequally because of her race and that she has been injured as a result"). There is no evidence that Plaintiff was subjected to adverse treatment not applied to others under similar circumstances.

5.       **Plaintiff Cannot Meet Her Burden With Respect to Her Intentional Infliction of Emotional Distress Claim**

To prove a claim for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant intended to inflict severe emotional distress; (2) the acts were the cause of plaintiff's severe emotional distress; and (3) the acts were sufficiently grievous to constitute a transgression of the bounds of socially tolerable conduct. *Delaney v. Clifton*, 180 Or. App. 119, 129-30, 41 P.3d 1099, 1106 (2002). Conduct that is inappropriate, but merely "rude, boorish, tyrannical, churlish and mean" is insufficient to be actionable; indeed, even "insults, harsh or intimidating words, or rude behavior" do not ordinarily result in liability, even when intended to cause distress. *Watte v. Edgar Maeyens, Jr.*, 112 Or. App. 234, 239, 828 P.2d 479, 481 (1992) (quoting *Hall v. The May Dept. Stores*, 292 Or. 131, 135, 637 P.2d 126, 129 (1984)). Conduct that is "negligent, mistaken, or otherwise remiss rather than deliberate, intentional, or engaged in by design will not support a claim" for intentional infliction of emotional distress. *Delaney*, 180 Or. App. at 136.

In *Zeggert v. Summit Stainless Steel, LLC,* No. 3:13-CV-16-PK, 2014 U.S. Dist. LEXIS 94522, at \* 14-22 (D. Or. May 16, 2014) (Papak, Mag. J.), the court concluded that as a matter of law, rude comments, including racial epithets, did not provide a basis for a claim for intentional infliction of emotional distress, dismissing that claim at summary judgment. In *Giulio v. BV CentralCal, LLC,* 815 F. Supp. 2d 1162, 1179-83 (D. Or. 2011), the court dismissed intentional infliction claims in response to the defendant's motion for summary judgment, holding that even relatively aggressive law enforcement techniques could not, as a matter of law, give rise to an intentional infliction of emotional distress claim. And in *Ramirez v. Adventist Med. Ctr.*,

**McEWEN GISVOLD LLP**
**1100 S.W. Sixth Avenue, Suite 1600**
**Portland, Oregon 97204**
**Telephone: (503) 226-7321; Facsimile: (503) 243-2687**
**Email: jonathanr@mcewengisvold.com**

No. 3:17-CV-0831-SI, 2018 U.S. Dist. LEXIS 51435, at *5-6, 11-12 (D. Or. Mar. 27, 2018), the court dismissed a plaintiff's discrimination and intentional infliction claims, holding that there was insufficient evidence to demonstrate that the defendant's action were either discriminatory, or intended to inflict emotional distress on the plaintiff.

Here, Ms. Thorkildson's actions do not rise to the level of an extraordinary transgression of the bounds of socially tolerable conduct.  At most she misidentified Plaintiff, but her actions were well within the bounds of socially tolerable conduct and were reasonable under the circumstances. Oregon courts have held that, even where the defendant uttered racial epithets – Ms. Thorkildson did not – the defendant's actions were not sufficiently outrageous to be actionable. It is plain that Ms. Thorkildson's actions do not give rise to a claim for intentional infliction of emotional distress as a matter of law. Therefore this Court should grant Defendant's motion for summary judgment on Plaintiff's claim for intentional infliction of emotional distress.

### Conclusion

Plaintiff is unable to meet her burdens with respect to any of her claims.  Therefore, Defendant is entitled to an award of summary judgment against Plaintiff on each of those claims.

DATED this 12th day of December, 2018.

McEWEN GISVOLD LLP


By ___*s/Jonathan M. Radmacher*_____
     Jonathan M. Radmacher, OSB No. 924314
     Of Attorneys for Defendant

McEWEN GISVOLD LLP
1100 S.W. Sixth Avenue, Suite 1600
Portland, Oregon 97204
Telephone: (503) 226-7321; Facsimile: (503) 243-2687
Email: jonathanr@mcewengisvold.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2018, I served the foregoing **DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT** on the persons listed below by the methods indicated

below.

| | |
|---|---|
| Cedric R. Brown, OSB #910281<br>Attorney at Law<br>720 NE Flanders Street, Suite 204<br>Portland, Oregon 97232<br>Telephone: (503) 231-4669<br>Facsimile: (503) 231-4659<br>Email:  cedricrbrown@earthlink.net | ___ U.S. Mail<br>___ Facsimile<br>___ Hand Delivery<br>___ E-mail<br>_X_  ECF |

Attorney for Plaintiff


Dated: December 12, 2018


McEWEN GISVOLD LLP

By:   *s/ Jonathan M. Radmacher*
      Jonathan M. Radmacher, OSB No. 924314
      Of Attorneys for Defendant

P:\USERS\17092\17092-001\Pleadings\Motion for Summary Judgment Final.wpd

**McEWEN GISVOLD LLP**
**1100 S.W. Sixth Avenue, Suite 1600, Portland, Oregon 97204**
**Telephone: (503) 226-7321; Facsimile (503) 243-2687**
**Email: jonathanr@mcewengisvold.com**